# Compendium of Exhibits

Exhibit A:   Plaintiffs Partial Unexecuted Responses, dated March 10, 2005

Exhibit B:   Letter of counsel for defendants, April 14, 2005

Exhibit C:   Letter of counsel for defendants, May 24, 2005

Exhibit D:   Letter of counsel for defendants, June 8, 2005

Exhibit E:   Letter of counsel for defendants, July 7, 2005

Exhibit F:   Letter of counsel for plaintiffs, July 7, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLADYS BAILEY, as the Administratrix of the Estate of DEBBIE BAILEY, deceased, and DOMINICK BAILEY, DEMETRIA BAILEY, Individually and as guardian for AMBER BAILEY, a minor, and TIA BAILEY<br><br>       Plaintiffs<br><br>v.<br><br>RONALD I. LEBMAN, M.D.<br>   and<br>PAUL EMERY, M.D.<br>c/o KENT GENERAL HOSPITAL<br>   and<br>DELMARVA EMERGENCY PHYSICIANS, LLP<br>c/o THE CORPORATION TRUST COMPANY<br>   and<br>BAYHEALTH MEDICAL CENTER, INC.<br>d/b/a KENT GENERAL HOSPITAL | C.A. No. 04-1540<br><br>**TRIAL BY JURY**<br>**DEMANDED** |

## PLAINTIFFS' ANSWERS TO DEFENDANT BAYHEALTH MEDICAL CENTER'S INTERROGATORIES

1. Give the names and last known addresses of all persons who were present at the scene of the incident of alleged medical malpractice when it occurred.

  **ANSWER(S):** Dominick Bailey
      Tia Bailey
      Demetria Bailey
      Amber Bailey

      388 Millchop Lane
      Magnolia, DE

2. Give the names and last known addresses of all persons other than those listed in the answers to interrogatories 1 and 2 who have knowledge of the facts concerning how the incident of alleged medical malpractice occurred.

      Exhibit A

**ANSWER(S):Gladys Bailey and Linwood Bailey**
**121 Briar Bush Road**
**Magnolia DE**
**Parents of Debbie Bailey**

3. Give the names and last known addresses of all other persons who have knowledge of any facts alleged in the pleadings other than those persons given in the answers to interrogatories 1 and 2.

**ANSWER(S): All Defendants in this case.**

4. With respect to each sketch, diagram, plat or photograph which has been made or taken in regard to any fact alleged in the pleadings, please state:

   a. Whether it is a sketch, diagram, plat or photograph;

   b. The name and last known address of the person who prepared the sketch, diagram or plat, or who took the photograph;

   c. A general description of its subject;

   d. The date it was prepared or taken.

**ANSWER(S): (a)-(d). None as of this date.**

5. As to each person whom you expect to call as an expert witness at trial, state:

   a. The subject matter on which the expert is expected to testify; and

   b. The substance of the facts and opinions to which the expert is expected to testify; and

   c. A summary of the grounds for each opinion.

**ANSWER(S): (a)-(c) Expert witnesses are undetermined at this time. Plaintiff will identify expert witnesses in accordance with Pa. R.C.P. once determined.**

6. Insofar as you intend to introduce in evidence any expert testimony concerning past or future loss of income or earning power or the present value of a sum of money concerning a future loss or expense and such evidence will be introduced through an expert economist or actuary, state the name and address of such expert and, as to each such person named, state:

a. A specific description of the losses for which such calculations are being made (as, for instance, present value of the loss of future earnings, present value of loss of second job earnings, present value of future medical expenses, etc.);

b. The undiscounted amount of such loss and the present value of the dollar amount of such loss.

**ANSWER(S): (a)-(b)Expert witnesses are undetermined at this time. Plaintiff will identify expert witnesses in accordance with Pa. R.C.P. once determined**

7. State what illnesses, infirmities, diseases or injuries the decedent had or was told she had during the five years preceding the incident of alleged medical malpractice, whether or not the same originated in that period.

**ANSWER(S): Diabetes**

8. State whether or not the deceased was hospitalized at any time during the five years immediately preceding the incident of alleged medical malpractice for any purpose whatsoever. If so, please state:

a. Dates of each such hospitalization;

b. The name and address of each hospital involved;

c. Purpose of each such hospitalization.

ANSWER(S): No.

9. State whether or not decedent was treated by a physician at any time during the five years immediately preceding her death. If so, please state:

c. Date of each such treatment;
d. Name and address of each doctor involved;
e. Purpose of each such treatment.

ANSWER(S):(c)-(e)    **Dr. Jack Mulligan in Dover DE.**
**Dr. Demetria for Diabetes**
**Plaintiff is unaware of any other physicians**

**See attached medical records from Dr. Jack Mulligan**

10. Please execute the medical authorization to inspect the records of hospitals and doctors who have rendered any medical treatment as a result of this incident of medical malpractice, attached to these interrogatories, and return it with the answers to interrogatories. Green v.

Bloodsworth, C.A. 83C-AU-7 (Ridgely, J. 10/18/85).

ANSWER(S): Plaintiff objects to signing blank HIPAA Authorizations. Once Defendant has determined which providers they require medical records from pertaining to this matter, Plaintiff will request copies of the medical records for Defendants and provide them with copy of same.

11. If you claim the right to recover any "out-of-pocket" expenses, including but not limited to medical expenses, itemize each such expense and state:

a. A specific description of such expense;

b. To whom it was incurred;

c. For what it was incurred.

ANSWER(S): Discovery is ongoing. Plaintiff will supplement this interrogatory pursuant to the Rules of Civil Procedure.

12. Furnish the following information concerning decedent's total earnings during 1999, 2000, 2001, 2002 and 2003:

a. Name and present address of each employer during that period;

b. Nature of job held with each employer;

c. Dates of employment with each employer.

ANSWER(S) (a)-(c): Discovery is ongoing, Plaintiff will supplement this interrogatory pursuant to the Rules of Civil Procedure.

13. State whether or not you, or any person on your behalf, has brought any claim against any other person or organization for the injuries for which this action is brought. If so, please state the name and address of each such person and/or organization and the nature of the claim, and identify the documents) submitted in presenting the claim.

ANSWER(S) No.

14. Have you ever instituted a civil action in any court or have you ever been a defendant in a civil action in any court? If so, please state the name and address of the court, the names and addresses of other persons or corporations who were parties to such action, the civil action number, the date (including the year, and, if possible, month) when such action was instituted, and whether or not you were a plaintiff or defendant.

ANSWER(S) No.

15. State the date on which the decedent was born.

ANSWER(S): 1/27/61

16. State where the deceased resided during the period of ten years preceding death, indicating the dates of residence at each address.

ANSWER(S):  388 Millchop Lane, Magnolia, DE  4 years until time of death
Liberty Court, Dover DE approximately 5-6 years

17. As to the education of the decedent, state:

(a) The names and addresses of the grade schools (that is, years 1 through 12) attended by her

(b) Her standing in the class as to each school in which the curriculum was successfully completed.

(c) The years of attendance at each of the schools referred to above.

ANSWER(S) (a)-(c)  Caesar Rodney Middle School, Camden DE
Caesar Rodney Junior High, Camden DE 9th grade did not graduate
Left school in 1975-1976

18. At the time of death did the deceased suffer from any disease or physical disability? If so, state the nature thereof.

ANSWER(S) Diabetes

19. Set forth, with respect to each person who resided with deceased at the time of deceased's death:

(a) Name. (b) Relationship. (c) Date and place of birth.

ANSWER(S)(a)-(c)  | Demetria | Daughter | 1/12/81 | Dover DE |
| Dominick | Son | 10/8/84 | Dover, DE |
| Tia | Daughter | 12/19/85 | Dover, DE |
| Amber | Daughter | 8/2/90 | Dover, DE |

20. As to each of the children born to the decedent, please state:

(a) Date of birth.

(b) Date of graduation from high school, date of leaving high school, and circumstances thereof (e.g., marriage, joined armed forces, etc.)

(c) If not graduated from high school, date of leaving high school, and circumstances thereof (e.g., marriage, joined armed forces, etc.).

ANSWER(S)(a)-(c).  See answer to Number 20 for names and dates of birth of each child;.
Demetria went to Positive Outcome Charter School left in 1997 did not graduate;
Dominick went to Polytech High school until 2000, did not graduate;
Tia went to Caesar Rodney HS 2003 graduated;
Amber is in Caesar Rodney HS grade 9th.

21. State the names of all spouses of the deceased and as to each state:

(a) The date and place of marriage.

(b) The present name and address and last known address of such spouse.

(c) How said marriage was terminated and the date and place of said termination.

ANSWER(S)(a)-(c): None, Plaintiff was not married.

22. State the name, date of birth, sex and relationship to the deceased of each person claimed to be wholly or in part dependent upon deceased at the time of her death.

ANSWER(S)  See answer to Number 19. Plaintiff provided financial and emotional support for each of her children, she also provided emotional support to her parents an her sister.

23. List the names, addresses, ages, sex and dates and places of birth of all heirs at law of deceased and the relationship of each to said decedent.

ANSWER(S)  See Plaintiffs' answer to Number 19. By way of further Answer, Gladys and Lindwood Bailey, her parents and her sister, Loretta Bailey,

24. State the amount of life insurance which the decedent had on her life at the time of her death and, as to each policy state the policy number, the insurer, the amount of time that such policy had been in effect prior to her death and the yearly premiums paid by the decedent.

**ANSWER(S) None.**

25. State how much the deceased spent annually for the last five years of deceased's life on clothing, transportation, food, lodging, amusement and other personal or business expenses and tabulate the items with the best estimates if the exact amounts are not shown.

**ANSWER(S): Unknown**

26. State what bank accounts, jointly or individually, deceased maintained at the time of her death, the names and addresses of each bank, the amounts in each account on the date of her death and the highest and lowest balance in each account during the period of one year preceding her death.

**ANSWER(S) Unknown**

KLINE & SPECTER, P.C.

BY: _____
JOSHUA VAN NAARDEN
Attorney for Plaintiffs

**PRICKETT, JONES & ELLIOTT**
A PROFESSIONAL ASSOCIATION
**1310 KING STREET, BOX 1328**
**WILMINGTON, DELAWARE 19899**
TEL: (302) 888-6500
FAX: (302) 658-8111
http://www.prickett.com

DOVER OFFICE
11 NORTH STATE STREET
DOVER, DE 19901
TEL: (302) 674-3841
FAX: (302) 674-5864

PENNSYLVANIA OFFICE
217 WEST STATE STREET
KENNETT SQUARE, PA 19348
TEL: (610) 444-1573
FAX: (610) 444-9273

Writer's Direct Dial: (302) 888-6508
Writer's Telecopy Number: (302) 888-6549
Writer's E-Mail Address: METurner@prickett.com

April 14, 2005

Joshua Van Naarden, Esq.
KLINE & SPECTOR, P.C.
1525 Locust St., 19th Floor
Philadelphia, PA 19102

      In re:    *Debbie Bailey v. Bayhealth Medical Center, Inc. and*
                    *Ronald I. Lebman, M.D., Paul Emery, M.D. and*
                    *DelMarVa Emergency Physicians, LLP*

Dear Josh:

      Following up on the plaintiffs' depositions, could you let me know when you expect to be able to provide me with the decedent's tax returns and some explication of just what the economic claim, if any, in this case is?

      Also, based on Demetria's testimony, I need to obtain Dr. Abimbola Osunkoya's records and enclose an authorization for her signature which will permit me to get this. Obviously, I will provide you with copies of anything I receive pursuant to this.

      Finally, it appear that William Hicks is a witness who should have been identified in the discovery responses. Can you please have your clients provide an address for him? Thanks very much. I will be back to you about the defendants' depositions.

                                            Very truly yours,

                                            /S/

METjr/lsc                                     MASON E. TURNER, JR.

Enc.   HIPAA Release

**Exhibit B**

**PRICKETT, JONES & ELLIOTT**
A PROFESSIONAL ASSOCIATION
**1310 KING STREET, BOX 1328**
**WILMINGTON, DELAWARE 19899**
TEL: (302) 888-6500
FAX: (302) 658-8111
http://www.prickett.com

DOVER OFFICE
11 NORTH STATE STREET
DOVER, DE 19901
TEL: (302) 674-3841
FAX: (302) 674-5864

PENNSYLVANIA OFFICE
217 WEST STATE STREET
KENNETT SQUARE, PA 19348
TEL: (610) 444-1573
FAX: (610) 444-9273

Writer's Direct Dial: (302) 888-6508
Writer's Telecopy Number: (302) 888-6549
Writer's E-Mail Address: METurner@prickett.com

May 24, 2005

*Fax: 1-215-772-1359*

Joshua Van Naarden, Esq.
Leon Aussprung, M.D., J.D.
KLINE & SPECTOR, P.C.
1525 Locust St., 19th Floor
Philadelphia, PA   19102

> *In re:*   *Debbie Bailey v. Bayhealth Medical Center, Inc. and Ronald I. Lebman, M.D., Paul Emery, M.D. and DelMarVa Emergency Physicians, LLP*

Dear Leon and Josh:

I am writing on two matters. First, it is impossible for me to respond to Leon's April 29, 2005 demand letter without knowing what economic claim, if any, is being asserted in this case. Please see my letter of April 14 to Josh. While you may not have the decedent's tax returns, you have to explicate what claim is being made, if any.

To expedite matters, I enclose an authorization which will permit me to get the returns from the Delaware Division of Revenue, which usually turns these requests around fairly quickly. If you will have Mrs. Bailey sign that and return it, I will obtain the returns and provide you copies. However, I still need your explication as to what is being claimed.

In addition, I have not received back the medical authorization that I sent with my letter of April 14. If there is some objection to providing that, please let me know what it is. Otherwise, please get your client to sign it and return it to me at your earliest convenience.

With respect to the request to depose the nurses, three of them are still employed and we will endeavor to produce them. They are Lisa Little, Louise Byrd and Cheryl Flowers. They work different shifts and we will have to coordinate the scheduling with their shifts but I would suggest we pick a day in June to do the depositions at Kent General Hospital. If you will provide me with two or three dates in June when you are available to do this, I will attempt to coordinate their schedules. Ms. Ford is no longer employed but apparently is in the area but currently disabled with an injury. Hopefully, we would be able to produce her later in the Summer, when she has recovered. Ms. Szewzyk is no longer employed and has moved out of Delaware, as far as we know.

Exhibit C

Joshua VanNaarden, Esq.
Leon Aussprung, M.D., J.D.                    -2-                    May 24, 2005


      When you get back to me with proposed dates, please let me know your best time estimates for the three depositions. Thanks very much.

                                  Very truly yours,

                                  /S/

METjr/lsc                        MASON E. TURNER, JR.

Enc.   Tax Authorization - Delaware Division of Revenue

                              **Exhibit C**

**PRICKETT, JONES & ELLIOTT**
A PROFESSIONAL ASSOCIATION
**1310 KING STREET, BOX 1328**
**WILMINGTON, DELAWARE 19899**
TEL: (302) 888-6500
FAX: (302) 658-8111
http://www.prickett.com

DOVER OFFICE
11 NORTH STATE STREET
DOVER, DE 19901
TEL: (302) 674-3841
FAX: (302) 674-5864

PENNSYLVANIA OFFICE
217 WEST STATE STREET
KENNETT SQUARE, PA 19348
TEL: (610) 444-1573
FAX: (610) 444-9273

Writer's Direct Dial: (302) 888-6508
Writer's Telecopy Number: (302) 888-6549
Writer's E-Mail Address: METurner@prickett.com

June 8, 2005

*Fax: 1-215-772-1359*

Joshua Van Naarden, Esq.
Leon Aussprung, M.D., J.D.
Thomas Kline, Esq.
KLINE & SPECTOR, P.C.
1525 Locust St., 19th Floor
Philadelphia, PA 19102

    In re:    *Debbie Bailey v. Bayhealth Medical Center, Inc. and Ronald I. Lebman, M.D., Paul Emery, M.D. and DelMarVa Emergency Physicians, LLP*

Dear Josh:

    I am responding to your fax of June 7. I will attempt to schedule a nurse for June 24 at the hospital. I am not clear why you only want to do one, but that is your choice.

    I am not going to continue to offer dates for Dr. Emery's deposition or anyone else for that matter. If you want to give me all of the dates when you are available in July or August to do Dr. Emery and Dr. Lebman's depositions (and Debbie Eberly for that matter), I will run it by the witnesses and let you know what works. I am not going to continue proposing dates which your office tells me you will not do.

    Finally, with respect to the deficient discovery that I have been asking you to remedy, you still have not responded and the next step is a Motion to Compel. Is there any reason I should not proceed with that now, because I cannot begin to evaluate the case until I have that information. Please let me hear from you.

                                      Very truly yours,

                                      /S/

METjr/lsc                            MASON E. TURNER, JR.

**Exhibit D**

**PRICKETT, JONES & ELLIOTT**
A PROFESSIONAL ASSOCIATION
**1310 KING STREET, BOX 1328**
**WILMINGTON, DELAWARE 19899**
TEL: (302) 888-6500
FAX: (302) 658-8111
http://www.prickett.com

DOVER OFFICE
11 NORTH STATE STREET
DOVER, DE 19901
TEL: (302) 674-3841
FAX: (302) 674-5864

PENNSYLVANIA OFFICE
217 WEST STATE STREET
KENNETT SQUARE, PA 19348
TEL: (610) 444-1573
FAX: (610) 444-9273

Writer's Direct Dial: (302) 888-6508
Writer's Telecopy Number: (302) 888-6549
Writer's E-Mail Address: METurner@prickett.com

July 7, 2005

*Via Fax: 1-215-772-1359*

Joshua Van Naarden, Esq.
KLINE & SPECTOR, P.C.
1525 Locust St., 19th Floor
Philadelphia, PA  19102

     *In re:*    *Debbie Bailey v. Bayhealth Medical Center, Inc. and Ronald I. Lebman, M.D., Paul Emery, M.D. and DelMarVa Emergency Physicians, LLP*

Dear Josh:

    I am getting frustrated by my inability to get responsive information from you to my discovery that would permit me to evaluate this case. Among the most important problems outstanding are:

    1.    We still have not gotten the decedent's tax returns. This request is many months overdue and has been the subject of repeated requests. The whole problem could be resolved by having your client send me the executed authorization that I sent you on May 24, 2005. One way or another, I am entitled to the tax returns and if I do not have some commitment from you by the beginning of next week as to when they will be produced, I am going to have to seek the intervention of the court.

    2.    Likewise, we have a long outstanding request for the medical records of Demetria Bailey and those have not been received. If you cannot give me a commitment by the beginning of next week as to when they will be received, they will be the subject of a motion.

    3.    I have been trying to schedule the depositions of Doctors Lebman and Emery since March. None of the dates I suggested were acceptable to you. I, therefore, asked that you provide me dates when you were available. Although I was told several weeks ago that these dates would be forthcoming, I have heard nothing. As you know, Dr. Emery contends that he had no involvement in this case and should be dismissed. If you are not going to depose him, I am going to file a Motion for Summary Judgment on his behalf.

    4.    When we had the scheduling conference with Judge Sleet, he urged me to move up promptly to address the EMTALA claim and I cannot do that without deposing Dr. Weihl.

ExhibitE

Joshua VanNaarden, Esq.				-2-				July 7, 2005

Please give me some dates in August when I can depose him in New Haven. If I have not heard from you about this by the beginning of next week, I am going to pick a date arbitrarily.

    This is not the way I like to do things, but we are simply getting nowhere and time is running and you have left me little alternative.

                                     Very truly yours,

                                     /S/

METjr/lsc				MASON E. TURNER, JR.

cc:	Stephen B. Potter, Esq. (via fax)



**KLINE & SPECTER**
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
THE NINETEENTH FLOOR
1525 LOCUST STREET
PHILADELPHIA, PENNSYLVANIA 19102

JOSHUA R. VAN NAARDEN

215-772-1000
FAX: 215-772-1358

July 7, 2005

Via Fax No.302-658-8111

Mason Turner, Esquire
Prickett, Jones & Elliott, P.A.
1310 King Street
Wilmington, Delaware 19899

RE: Debbie Bailey

Dear Mason:

I am in receipt of your letter dated July 7, 2005. Please be advised of the following:

1. Requests for Debbie Bailey's tax records were sent out with the appropriate authorization forms on July 6, 2005. Once I am in receipt of these records, I will forward the same to you.

2. Demetria Bailey, as you are aware from her deposition, was not present at Bayhealth Medical Center when her mother, Debbie, suffered a cardiac arrest. Demetria arrived at the hospital only after her mother died. Accordingly, Demetria Bailey has no claim for negligent infliction of emotional distress.

3. On July 1, 2005, I sent to your attention proposed dates for the depositions of Dr. Lebman and Emery, as you indicated in the post script to your letter. I am hopeful that we will be able to schedule both of their depositions in a convenient and timely fashion. Additionally, I have also sent you a letter dated July 1, 2005 giving you five different available dates to depose the various nurses and other fact witnesses related to Debbie Bailey's case. I would appreciate you contacting me to confirm the depositions of not only Dr. Lebman and Emery, but also the other witnesses.

4. Plaintiffs have not yet determined the identity of the expert witnesses who will be used at trial in this case. Dr. Wehil has not been identified as an expert witness for purposes of trial. Expert witnesses will be determined after discovery is taken in this case. Plaintiffs' will disclose trial experts as required by the Case

Exhibit F

Management Order.

I am frustrated with my inability to get responsive information from you regarding the hospital's root cause analysis materials. On June 9, 2005, I sent you a letter outlining the law that requires you to produce these documents. To date, I have not received any response from you. If you do not produce the root cause analysis material by the beginning of next week, I plan to seek the intervention of the Court.

Very truly yours,

JOSHUA VAN NAARDEN

JVN/ckp
cc: Stephen B. Potter, Esquire

Exhibit F