IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLADYS BAILEY, as the Administratrix of the Estate of DEBBIE BAILEY, deceased, et al | :<br>:   C.A. No. 04-1540-GMS<br>: |
| v | :<br>: |
| RONALD I. LEBMAN, M.D., et al | : |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION**
**TO COMPEL DISCOVERY ANSWERS**

Plaintiff, Gladys Bailey, as personal representative of the Estate of Debbie Bailey, deceased, hereby responds in opposition to Defendants' Motion to Compel Discovery Pursuant to Rule 37 (a) and moves this Court to deny Defendant's Motion. In support of the instant Motion, Plaintiff avers:

1.   Denied as stated. This is a medical malpractice case brought on behalf of the Estate of Debbie Bailey, deceased, and her four (4) children individually, as a result of improper medical care received from approximately 8:00 p.m. on January 19, 2003, to her death at 10:50 p.m. the same night. This action was initiated by civil complaint on December 22, 2004.

2.   Admitted.

3.   Denied as stated. On March 7, 2005 Plaintiff filed responses to Defendant Bayhealth Medical Center's Request for Production of Documents which clearly states that Plaintiff is claiming past and future loss of earnings and will supplement upon receipt of proper documentation. See Plaintiff's Response to Defendant Bayhealth Medical Center's Request for Production of documents attached as Exhibit "A." Additionally, Plaintiff's verification to her answers to Defendants' discovery is attached hereto as Exhibit "B." Plaintiff produced the medical records of Debbie Bailey, deceased, as requested by the Defendants. See Plaintiffs' Answers to Bayhealth Medical Centers Request for Production of Documents attached hereto as Exhibit "A." More specifically Plaintiff produced medical records, autopsy report and Debbie Bailey's death certificate. On April 27, 2005, Plaintiffs' counsel advised

defense counsel, Mason Turner, that Plaintiff was not in possession of tax returns and that if he forwarded an IRS authorization, Plaintiff would execute it. See April 27, 2005 letter to Mason Turner attached as Exhibit "C." Plaintiff is under no obligation to produce materials that are not within her possession or control. Unfortunately, Gladys Bailey, Administratrix of the estate of Debbie Bailey, deceased, was forced to sell her home and was in the process of relocating herself in addition to her four (4) grandchildren. Plaintiff was unable to receive mail during this time. Authorization forms were sent to Gladys Bailey on June 8, 2005. See June 9, 2005 letter to Defense Counsel Mason Turner attached hereto as Exhibit "D." In order to further facilitate the requested income information, Plaintiff signed authorizations for release of Federal Tax Returns which were forwarded to the Internal Revenue Service ["IRS"] on July 6, 2005. See the July 6, 2005 letter to IRS attached hereto as Exhibit "E." Mr. Turner was advised that "request for Debbie Bailey's tax records were sent out with the appropriate authorization forms on July 7, 2005. Once I am in receipt of these records, I will forward same to you." See July 7, 2005 letter to Mason Turner as Exhibit "F." On July 11, 2005 the IRS notified Plaintiff counsel that different authorization forms were needed. See July 11, 2005 letter from IRS attached hereto as Exhibit "G." Currently Plaintiff is awaiting receipt of Debbie Bailey's Federal Income Tax Returns.

    4.    Admitted.

    5.    Denied as stated. The April 14, 2005 letter from Mr. Turner was the first notice to Plaintiffs that Defendants requested Demetria Bailey's medical records. On April 27, 2005, counsel for Plaintiffs forwarded this authorization to Demetria Bailey. See April 27, 2005 letter to Demetria Bailey attached as Exhibit "H." Demetria was not present at Bayhealth Medical Center when her mother, Debbie, suffered a cardiac arrest. Demetria arrived at the hospital only after her mother died. Accordingly, Demetria Bailey has no claim for negligent infliction of emotional distress. Nevertheless the requested medical records of Demetria Bailey are attached hereto as Exhibit "I."

6.  Denied as stated. On April 27, 2005, Plaintiffs' counsel advised Mr. Turner that Plaintiff was not in possession of the tax returns and that if he forwarded an IRS authorization, Plaintiff would execute it. See April 27, 2005 letter to Mason Turner attached as Exhibit "C." Plaintiff is under no obligation to produce materials that are not within her possession or control.  Unfortunately Gladys Bailey, Administratrix of the Estate of Debbie Bailey, deceased, was forced to sell her home and was in the process of relocated herself in addition to her four (4) grandchildren. Plaintiff was unable to receive mail during this time. Authorization forms were not able to be sent to the Administratrix of the estate of Debbie Bailey, deceased, until June 8, 2005. See June 9, 2005 to Defense Counsel Mason Turner attached hereto as Exhibit "D."  In order to further facilitate the requested income information, Plaintiff signed authorizations for the release of Federal Tax Returns which were forwarded to the Internal Revenue Service ["IRS"] on July 6, 2005. See July 6, 2005 letter to IRS attached hereto as Exhibit "E." Furthermore Mr. Turner was advised that "request for Debbie Bailey's tax records were sent out with the appropriate authorization forms on July 7, 2005.  Once I am in receipt of these records, I will forward same to you." See July 7, 2005 letter to Mason Turner attached as Exhibit "F."  On July 11, 2005 the IRS notified Plaintiff counsel that different authorization forms were needed. See July 11, 2005 letter from IRS attached hereto as Exhibit "G."  Currently Plaintiff is awaiting receipt of Debbie Bailey's Federal Income Tax Returns.

7.  Denied as stated. Counsel for Defendants wrote a letter on June 8, 2005 addressing discovery.  Plaintiff's counsel advised Mr. Turner on numerous occasions by fax, regular mail and via telephone that once Plaintiff was in receipt of the requested records they would be forward to counsel.

8.  Denied. Mr. Turner was advised that "request for Debbie Bailey's tax records were sent out with the appropriate authorization forms on July 7, 2005.  Once I am in receipt of these records, I will forward same to you." See July 7, 2005 letter to Mason Turner attached as Exhibit "F.

9.  Denied as stated.  The issues presented in Defendants Motion are either outside the

3

Plaintiffs' control or have been resolved. Plaintiffs' verified discovery responses and requested medical records are attached hereto as Exhibit "B." and "I." As discussed above Plaintiff has taken the necessary steps to obtain the requested tax returns and will forward the same to Defense counsel upon receipt.

10. Admitted.

WHEREFORE, Plaintiffs ask this Court to enter an Order denying Defendants' Motion to Compel Discovery.

Respectfully submitted,

**POTTER, CARMINE, LEONARD & AARONSON, P.A.**

BY:_____
STEPHEN POTTER, ESQUIRE
840 North Union Street
Post Office Box 514
Wilmington, Delaware 19899
(302) 658-8940
Attorney for Plaintiffs

**KLINE & SPECTER**
*A Professional Corporation*

BY: S/ JOSHUA VAN NAARDEN
JOSHUA VAN NAARDEN, ESQUIRE
LEON AUSSPRUNG, ESQUIRE
Attorneys for Plaintiff
Nineteenth Floor
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000