IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GLADYS BAILEY, as the Administratrix :
of the Estate of DEBBIE BAILEY, : C.A. No. 04-1540-GMS
deceased, et al :
:
v :
:
RONALD I. LEBMAN, M.D., et al :

**PLAINTIFFS' JOINT AGENDA**

6. Whether Defendant Bayhealth Medical Center is required to identify and produce all written policies and procedures which relate to the care and treatment rendered to plaintiff.

7. Whether Defendants are required to state whether there have been any alterations, additions, modifications, or changes to any medical records relating to plaintiff which are known to them.

8. Whether Defendants are required to state the factual basis for all of your contentions made in your New Matter or Affirmative Defenses.

9. Whether Defendants are required to identify and produce any and all writings, memoranda, letters and other documents relevant to plaintiff.

10. Whether Defendants are required to identify and produce any and all medical records and bills relating to plaintiff.

11. Whether Defendants are required to identify and produce all original pathology slides relevant to plaintiff.

12. Whether Defendants are required to identify and produce any and all recuts of pathology slides relevant to plaintiff.

13. Whether Defendants are is required to identify and produce any and all original x-rays, CT scans, MRIs and ultrasound films relevant to plaintiff.

14. Whether Defendants are required to identify and produce any and all copies of all x-rays, CT scans, MRIs and ultrasound films relevant to plaintiff.

15. Whether Defendants are required to identify and produce any and all incident reports, handwritten notes, documents or writings of any nature which were prepared in relation to this lawsuit.

16. Whether Defendants are required to identify and produce any unprivileged or non-work product document relating to plaintiff.

17. Whether Defendant Bayhealth Medical Center is required to identify and produce a copy of any and all contracts or agreements in any forms, oral or written, relevant to this lawsuit or to defendants herein (including contracts between defendants).

18. Whether Defendant Ronald Lebman, M.D. is required to set forth the name of each medical journal he subscribed to during the years 2000 to 2003.

19. Whether Defendant Ronald Lebman, M.D. is required to set forth the name of each medical journal he read regularly during the years 2000 to 2003.

20. Whether Defendant Ronald Lebman, M.D. is required to set forth the facts that support the basis of his denial, if he denies he was negligent as described in the Complaint.

21. Whether Defendant Ronald Lebman, M.D. contends that plaintiff acted in

such a manner as to cause or contribute to the injuries and illnesses from which he suffered? If so, give a full and complete statement of the facts upon which you rely to answer this Interrogatory.

22. Whether Defendant Ronald Lebman, M.D. contends that any other person and/or business entity who is or is not a party to this action acted in such a manner as to cause or to contribute to the injuries and illnesses suffered by plaintiff? If so, give a full and complete statement of the facts upon which you rely to answer this Interrogatory.

23. Whether Defendant Ronald Lebman, M.D. has, or anyone on his behalf, conducted any investigations of the treatment, surgery or examination which is the subject matter of the Civil Action Complaint?

24. Whether Defendant Ronald Lebman, M.D. is required to state, if the answer to the previous Interrogatory is in the affirmative:

   (a)  the name, address and employer of all persons who conducted any investigations;

   (b)  the dates of any reports of any Investigations and the identity of the persons who have possession thereof;

   (c)  the dates of any investigations; and

25. Whether Defendant Ronald Lebman, M.D. is required to state whether he has conducted an investigation of the plaintiff, including, but not limited to, surveillance. If yes, produce all documents and things, including but not limited to, videotape relating to such investigation and/or surveillance.

26. Whether Defendant Ronald Lebman, M.D. is required to produce all schedules referring or relating to coverage responsibilities for the

Emergency Room Department on November 30, 2000 and December 1, 2000.

27. Whether Defendant Ronald Lebman, M.D. is required to state the amount of his charges for services rendered to plaintiff, with an itemized statement of the amounts charged for each service on November 30, 2000 and December 1, 2000.

28. Whether Defendant Ronald Lebman, M.D. is required to state whether his bill for services rendered to plaintiff has been paid, indicating the date and source of such payment.

29. Whether Defendant Ronald Lebman, M.D. is required to identify and produce all written policies and procedures which relate to the care and treatment rendered to plaintiff.

30. Whether Defendant Ronald Lebman, M.D. is required to state whether there have been any alterations, additions, modifications, or changes to any medical records relating to plaintiff which are known to you.

31. Why Defendant Bayhealth Medical Center should not provide their net worth to Plaintiffs.

**KLINE & SPECTER, P.C.**

BY:_____
LEON AUSSPRUNG, ESQUIRE
JOSHUA VAN NAARDEN, ESQUIRE
Nineteenth Floor
1525 Locust Street
Philadelphia, Pennsylvania 19102

(215)-772-1000
Pro Hac Attorney for Plaintiffs-