IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GLADYS BAILEY, as the Administratrix :
of the Estate of DEBBIE BAILEY, : C.A. No. 04-1540-GMS
deceased, et al :
 :
 v :
 :
RONALD I. LEBMAN, M.D., et al :

**FINAL PRETRIAL ORDER**

This matter having come before the court at a pretrial conference held pursuant to Fed.R.Civ.P. ("Rule") 16, and Thomas R. Kline, Esquire, Leon Aussprung, Esquire, Joshua Van Naarden, Esquire, from the law firm of Kline and Specter, P.C., 1525 Locust Street, Philadelphia Pennsylvania (215) 772-1000 and Stephen Potter, from the law firm of Potter, Carmine & Aaronson, P.A., 840 North Union Street, Post Office Box 514, Wilmington, Delaware (302) 658-8940 having appeared as counsel for plaintiffs and Mason Turner, Prickett, Jones, Elliott, P.A., 1310 King Street, Wilmington, Delaware (302) 888-6508 having appeared as counsel for defendants, the following actions were taken:

(1)  This is a medical negligence and EMTALA action in which plaintiff seeks compensatory and punitive damages for injuries to, and death of, Debbie Bailey, which was allegedly caused by defendants, Ronald Lebman, MD ("Lebman") and Kent General/Bayhealth ("Bayhealth"). The jurisdiction of the court is involved under 28 U.S.C. §1331. Venue is in the District of Delaware is pursuant to 28 U.S.C. § 1391(b) because all defendants are residents of this judicial district and the events or omissions giving rise to the claim occurred in this judicial district. Defendants acknowledge that plaintiffs have pled a

theory of liability which would give this Court jurisdiction; defendants have denied that theory and the jurisdiction of this Court which is premised upon that theory.

(2) The following stipulations and statements were submitted and are attached to and made a part of this Order.

- (a) a comprehensive statement of all uncontested facts, which will become a part of the evidentiary record in the case and which may be read to the jury by the court or any party is attached hereto as Exhibit A;
- (b) an agreed statement by each party of the contested issues of fact and law is attached hereto as Exhibit B;
- (c) schedules of;
    - (i) all exhibits, including documents, summaries, charts and other items expected to be offered in evidence are attached hereto as Exhibit C and
    - (ii) demonstrative evidence is attached hereto as Exhibit C;
- (d) a list or lists of names and addresses of the potential witnesses to be called by each party, with a statement of any objections to calling, or to the qualifications of, any witness identified on the list is attached hereto as Exhibit D;
- (e) statements setting forth the qualifications of each expert witnesses in such form that the statement can be read to the jury at the time the expert witness takes the stand are attached hereto as Exhibit E;
- (f) a list of all depositions, or portions thereof, to be read into evidence and statements of any objections thereto are attached hereto as Exhibit F;
- (g) an itemized statement of special damages attached hereto as Exhibit G;
- (h) neither party has waived any claims or defenses;

  (i)  a jury trial has been demand and accordingly the parties have provided:

    (i)  trial briefs are attached hereto H;

    (ii)  three sets of marked proposed jury instructions, verdict forms, and special interrogatories are attached hereto as Exhibit I;

    (iii)  a list of the questions the party requests the court to ask prospective jurors in accordance with Fed.R.Civ.P. 47(a) and D.Del. LR 47.1(a) are attached hereto as Exhibit J;

  (j)  a jury trial has been demanded and therefore each party has not provide proposed Findings of Fact and Conclusions of Law in duplicate;

  (k)  There has been communication concerning settlement, but the parties have been unable to resolve the matter;

  (1)  discovery in this matter is complete, including the depositions of expert witnesses and no further discovery is needed;

  (m)  motions *in limine* are not being filed by either party;

(3) Trial of this case is expected to take 7 days.

(4) Jury  X    Non-jury  _

(5) The parties recommend that 8 jurors and 3 alternates for a total of 11 jurors be selected at the commencement of the trial.

(6) This Order will control the course of the trial and may not be amended except by consent of the parties and the court, or by order of the court to prevent manifest injustice.

(7) Possibility of settlement of this case was considered by the parties.

_____
UNITED STATES DISTRICT JUDGE

Date:_____

_____                    _____
ATTORNEY FOR PLAINTIFFS                                         ATTORNEY FOR DEFENDANTS