**EXHIBIT I**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GLADYS BAILEY, as the Administratrix | : | |
| of the Estate of DEBBIE BAILEY, | : | C.A. No. 04-1540-GMS |
| deceased, et al | : | |
| v | : | |
| RONALD I. LEBMAN, M.D., et al | : | |

**JOINT PROPOSED VOIR DIRE AND JURY INSTRUCTIONS**

Respectfully submitted,

**POTTER, CARMINE & AARONSON, P.A.**

BY:    S/ STEPHEN POTTER
      STEPHEN POTTER, ESQUIRE
      840 North Union Street
      Post Office Box 514
      Wilmington, Delaware 19899
      (302) 658-8940
      Attorney for Plaintiffs

**KLINE & SPECTER**
*A Professional Corporation*

BY: S/ JOSHUA VAN NAARDEN
      JOSHUA VAN NAARDEN, ESQUIRE
      LEON AUSSPRUNG, ESQUIRE
      Attorneys for Plaintiff
      Nineteenth Floor
      1525 Locust Street
      Philadelphia, Pennsylvania 19102
      (215) 772-1000

**PRICKETT, JONES & ELLIOTT, P.A.**

BY: S/MASON E. TURNER
      Mason E. Turner, Jr., No. 661
      1310 King Street
      P.o. Box 1328
      Wilmington, De  19899-1328
      (302) 888-6508
      Attorney for Defendant
      Bayhealth Medical Center, Inc.
      Delmarva Emergency Physicans , LLP
      Emergency Physicians, LLP And
      Ronald I. Lebman, M.d.

**POINT FOR CHARGE NO. 1**

**PROVINCE OF THE COURT AND JURY**

Now that you have heard the evidence and the arguments of counsel, it is my duty to instruct you about the law governing this case. Although you as jurors are the sole judges of the facts, you must follow the law stated in my instructions and apply the law to the facts as you find them from the evidence. You must not single out one instruction alone as stating the law, but must consider the instructions as a whole.

Nor are you to be concerned with the wisdom of any legal rule that I give you. Regardless of any opinion you may have about what the law ought to be, it would be a violation of your sworn duty to base a verdict on any view of the law other than what I give you in these instructions; It would also be a violation of your sworn duty, as judges of the facts, to base a verdict on anything but the evidence in the case.

Justice through trial by jury always depends on the willingness of each juror to do two things: first, to seek the truth about the facts from the same evidence presented to all the jurors; and, second, to arrive at a verdict by applying the same rules of law as explained by the judge.

You should consider only the evidence in the case. Evidence includes the witnesses' sworn testimony and the items admitted into evidence. You are allowed to draw reasonable conclusions from the testimony and exhibits, if you think those conclusions are justified. In other words, use your common sense to reach conclusions based on the evidence.

You have been chosen and sworn as jurors in this case to decide issues of fact. You must perform these duties without bias for or against any of the parties. The law does not allow you to be influenced by sympathy, prejudice, or public opinion. All the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law, and reach a just verdict, regardless of the consequences.

{Comment: It is recommended that this charge be given at the beginning of the trial proceedings as well as at the end.}

DEL. P.J.I. CIV. § 3.2 (2000).

Source:
DEL. CONST. art. IV, § 19 (1897); Porter v. State, Del. Supr., 243 A.2d 699 (1968)(judge may not comment on the facts of the case); Gutheridge v. Pen-Mod, Inc., Del. Super., 239 A.2d 709 (1967)(jury sole judges of the facts); Girardo v. Wilmington & Philadelphia Traction Co., Del. Super., 90 A. 476 (1914)(same). See also 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS §§ 70.03, 71.01 (4th ed. 1987); BLACK'S LAW DICTIONARY 555 (6th ed. 1990).

**POINT FOR CHARGE NO. 2**

**STATEMENTS OF COUNSEL**

What the attorneys say is not evidence. Instead, whatever they say is intended to help you review the evidence presented. If you remember the evidence differently from the attorneys, you should rely on your own recollection.

The role of attorneys is to zealously and effectively advance the claims of the parties they represent within the bounds of the law. An attorney may argue all reasonable conclusions from evidence in the record. It is not proper, however, for an attorney to state an opinion as to the truth or falsity of any testimony or evidence. What an attorney personally thinks or believes about the testimony or evidence in a case is not relevant, and you are instructed to disregard any personal opinion or belief offered by an attorney concerning testimony or evidence.

DEL. P.J.I. CIV. § 3.3 (2000).

Source:
See DeAngelis v. Harrison, Del. Supr., 628 A.2d 77, 88 (1993); McNally v. Eckman, Del. Supr., 466 A.2d 363, 371-75 (1983); Delaware Olds, Inc. v. Dixon, Del. Supr., 367 A.2d 178, 179 (1976). See also 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 70.03 (4th ed. 1987); 75A AM. JUR. 2d §§ 554, 566, 632.

**POINT FOR CHARGE NO. 3**

**INSTRUCTION TO JURORS AT THE BEGINNING OF TRIAL:**

**THE ROLE OF ATTORNEYS IN THESE PROCEEDINGS**

The role of attorneys is to zealously and effectively advance the claims of the parties they represent within the bounds of the law. An attorney may argue all reasonable conclusions from evidence in the record. It is not proper, however, for an attorney to state an opinion as to the truth or falsity of any testimony or evidence. What an attorney personally thinks or believes about the testimony or evidence in a case is not relevant, and you are instructed to disregard any personal opinion or belief offered by an attorney concerning testimony or evidence.

Notwithstanding what you have may have seen on television or at the movies, the attorneys in this trial will be expected to act professionally, argue persuasively, and conduct themselves with civility.

DEL. P.J.I. CIV. § 3.3A (2000).

Source:
See DeAngelis v. Harrison, Del. Supr., 628 A.2d 77, 88 (1993); McNally v. Eckman, Del. Supr., 466 A.2d 363, 371-75 (1983); Delaware Olds, Inc. v. Dixon, Del. Supr., 367 A.2d 178, 179 (1976). See also 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 70.03 (4th ed. 1987); 75A AM. JUR. 2d §§ 554, 566, 632.

**POINT FOR CHARGE NO. 4**

**BURDEN OF PROOF BY A PREPONDERANCE OF THE EVIDENCE**

In a civil case such as this one, the burden of proof is by a preponderance of the evidence. Proof by a preponderance of the evidence means proof that something is more likely than not. It means that certain evidence, when compared to the evidence opposed to it, has the more convincing force and makes you believe that something is more likely true than not. Preponderance of the evidence does not depend on the number of witnesses. If the evidence on any particular point is evenly balanced, the party having the burden of proof has not proved that point by a preponderance of the evidence, and you must find against the party on that point.

In deciding whether any fact has been proved by a preponderance of the evidence, you may, unless I tell you otherwise, consider the testimony of all witnesses regardless of who called them, and all exhibits received into evidence regardless of who produced them.

DEL. P.J.I. CIV. § 4.1 (2000).

Source:
Reynolds v. Reynolds, Del. Supr., 237 A.2d 708, 711 (1967)(defining preponderance of the evidence); McCartney v. Peoples Ry. Co., Del. Super., 78 A. 771, 772 (1911)(same); Oberly v. Howard Hughes Medical Inst., Del. Ch., 472 A.2d 366, 390 (1984)(same). See also 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 72.01 (4th ed. 1987).
10 Del. C. § 8132 (elements of comparative negligence); Duphily v. Delaware Elec. Coop., Inc., Del. Supr., 662 A.2d 821, 828 (1995)(basic elements of negligence claim); Culver v. Bennett, Del. Supr., 588 A.2d 1094, 1096-97 (1991)(same); McGraw v. Corrin, Del. Supr., 303 A.2d 641 (1973)(comparative negligence).

**POINT FOR CHARGE NO. 5**

**NEGLIGENCE DEFINED**

This case involves claims of negligence. Negligence is the lack of ordinary care; that is, the absence of the kind of care a reasonably prudent and careful person would exercise in similar circumstances. That standard is your guide. If a person's conduct in a given circumstance doesn't measure up to the conduct of an ordinarily prudent and careful person, then that person was negligent. On the other hand, if the person's conduct does measure up to the conduct of a reasonably prudent and careful person, the person wasn't negligent.

The mere fact that an injury occured isn't enough to establish negligence.

DEL. P.J.I. CIV. § 5.1 (2000).

Source:
Duphily v. Delaware Elec. Coop., Inc., Del. Supr., 662 A.2d 821, 828 (1995); Culver v. Bennett, Del. Supr., 588 A.2d 1094, 1096-97 (1991); Robelen Piano Co. v. Di Fonzo, Del. Supr., 169 A.2d 240 (1961); Rabar v. E.I. duPont de Nemours & Co., Del. Super., 415 A.2d 499, 506 (1980); DeAngelis v. U.S.A.C. Transport, Del. Super., 105 A.2d 458 (1954); Kane v. Reed, Del. Super., 101 A.2d 800 (1954).

**POINT FOR CHARGE NO. 6**

**NO NEED TO PROVE ALL CHARGES OF NEGLIGENCE**

      Plaintiffs have alleged that the Defendants were negligent in various ways, but a party does not have to be negligent in all these ways to be liable. You may find a party liable if that party was negligent in any one of the ways charged and if that negligence was a proximate cause of the accident.

DEL. P.J.I. CIV. § 5.2 (2000).

**POINT FOR CHARGE NO. 7**

**MULTIPLE DEFENDANTS**

There are several defendants in this case. Some may be liable while others are not. All the defendants are entitled to your fair consideration of their own defenses. If you find against one defendant, that shouldn't affect your consideration of other defendants. Unless I tell you otherwise, all my instructions apply to every defendant.

DEL. P.J.I. CIV. § 5.5 (2000).

Source:
Laws v. Webb, Del. Supr., 658 A.2d 1000, 1007 (1995); Diamond State Tel. Co. v. University of Delaware, Del. Supr., 269 A.2d 52, 56 (1970).

## POINT FOR CHARGE NO. 8

## JOINT TORTFEASORS

       If two or more defendants are negligent, and their negligence combines to cause injury, you must determine their relative degrees of fault. Using 100% as the total amount of the defendants' negligence, you must decide the percentage of each defendant's negligence. I will give you a special-verdict form for this purpose. Your answers in this form will enable me to apportion damages.

DEL. P.J.I. CIV. § 5.6 (2000).

Source:
10 Del. C. §§ 6302, 6304, 8132; Sears Roebuck & Co. v. Huang, Del. Supr., 652 A.2d 568, 573 (1995); Medical Ctr. of Delaware v. Mullins, Del. Supr., 637 A.2d 6 (1994); Blackshear v. Clark, Del. Supr., 391 A.2d 747 (1978); Farrall v. A.C. & S. Co., Del. Super., 586 A.2d 662 (1990).

**POINT FOR CHARGE NO. 9**

**PROXIMATE CAUSE**

 A party's negligence, by itself, is not enough to impose legal responsibility on that party. Something more is needed: the party's negligence must be shown by a preponderance of the evidence to be a proximate cause of the injury.

 Proximate cause is a cause that directly produces the harm, and but for which the harm would not have occurred. A proximate cause brings about, or helps to bring about, the injury, and it must have been necessary to the result.

 There may be more than one proximate cause of an injury.

DEL. P.J.I. CIV. § 21.1 (2000).

Source:
Wilmington Country Club v. Cowee, Del. Supr.,747 A.2d 1087, 1097 (2000); Duphily v. Delaware Elec. Coop., Inc., Del. Supr., 662 A.2d 821, 828 (1995); Money v. Manville Corp. Asbestos Disease Comp. Trust Fund, Del. Supr., 596 A.2d 1372, 1375-76 (1991); Culver v. Bennett, Del. Supr., 588 A.2d 1094, 1099 (1991).

**POINT FOR CHARGE NO. 10**

**CONCURRENT CAUSES**

There may be more than one cause of an injury.  The conduct of two or more persons or corporations may operate at the same time, either independently or together, to cause injury. Each cause may be a proximate cause. A negligent party can't avoid responsibility by claiming that somebody else – not a party in this lawsuit -- was also negligent and proximately caused the injury.


DEL. P.J.I. CIV. § 21.2 (2000).

Source:
See Laws v. Webb, Del. Supr., 658 A.2d 1000, 1007-08 (1995).

**POINT FOR CHARGE NO. 11**:

**EFFECT OF INSTRUCTIONS AS TO DAMAGES**

The fact that I have instructed you about the proper measure of damages should not be considered as my suggesting which party is entitled to your verdict in this case. Instructions about the measure of damages are given for your guidance only if you find that a damages award is in order.

DEL. P.J.I. §22.28

Source:
Philadelphia, B. & W. R.R. Co. v. Gatta, Del. Supr., 85 A. 721, 729 (1913) (jury is sole judge of facts).

**POINT FOR CHARGE NO. 12**

**EVIDENCE: DIRECT, INDIRECT OR CIRCUMSTANTIAL**

      Generally speaking, there are two types of evidence from which a jury may properly find the facts. One is direct evidence -- such as the testimony of an eyewitness. The other is indirect or circumstantial evidence -- circumstances pointing to certain facts.

      As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts from all the evidence in the case: both direct and circumstantial.

DEL. P.J.I. CIV. § 23.1 (2000).

Source:
See 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 72.03 (4th ed. 1987); BLACK'S LAW DICTIONARY 555-56 (6th ed. 1990); 75A AM. JUR. 2d §§ 719-720.

**POINT FOR CHARGE NO. 13**

**PRIOR INCONSISTENT STATEMENT BY WITNESS**

A witness may be discredited by evidence contradicting what that witness said, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's present testimony.

It's up to you to determine whether a witness has been discredited, and if so, to give the testimony of that witness whatever weight that you think it deserves.

DEL. P.J.I. CIV. § 23.3 (2000).

Source:
D.R.E. 613. See also 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 73.04 (4th ed. 1987).

**POINT FOR CHARGE NO. 14**

**OBJECTIONS - RULINGS ON EVIDENCE**

Lawyers have a duty to object to evidence that they believe has not been properly offered. You should not be prejudiced in any way against lawyers who make these objections or against the parties they represent. If I have sustained an objection, you must not consider that evidence and you must not speculate about whether other evidence might exist or what it might be. If I have overruled an objection, you are free to consider the evidence that has been offered.

DEL. P.J.I. CIV. § 23.4 (2000).

Source:
D.R.E. 103(c), 104(c)&(e), 105; City of Wilmington v. Parcel of Land, Del. Supr., 607 A.2d 1163, 1170 (1992); Concord Towers, Inc. v. Long, Del. Supr., 348 A.2d 325, 327 (1975)(court must avoid giving the impression of favoring one side or other in ruling on counsel's objections). See also 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 70.01 (4th ed. 1987).

**POINT FOR CHARGE NO. 15**

**USE OF INTERROGATORIES AT TRIAL**

Some of the evidence has been in the form of interrogatory answers. An interrogatory is a written question asked by one party of the other, who must answer the question in writing and under oath, all before trial. You must consider interrogatories and the answers given to them just as if the questions had been asked and answered here in court.

DEL. P.J.I. CIV. § 23.6 (2000).

Source:
Del. C. Super. Ct. Civ. R. 33(c). See also 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 72.19 (4th ed. 1987).

**POINT FOR CHARGE NO. 16**

**CREDIBILITY OF WITNESSES - WEIGHING CONFLICTING TESTIMONY**

You are the sole judges of each witness's credibility. That includes the parties. You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witnesses' biases, prejudices, or interests; the witnesses' manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable.

DEL. P.J.I. CIV. § 23.9 (2000).

Source:
See 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 73.01 (4th ed. 1987); 75A AM. JUR. 2d §§ 747, 749, 750.

**POINT FOR CHARGE NO. 17**

**EXPERT TESTIMONY**

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business. This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience.

In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing the testimony of any other witness. Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case.

DEL. P.J.I. CIV. § 23.10 (2000).

Source:
D.R.E. 701, 702, 703.

**POINT FOR CHARGE NO. 18**

**EXPERT MEDICAL OPINION MUST BE TO A REASONABLE PROBABILITY**

You have heard medical experts being asked to give opinions based on a reasonable medical probability. In Delaware, a medical expert may not speculate about mere possibilities. Instead, the expert may offer an opinion only if it is based on a reasonable medical probability. Therefore, in order for you to find a fact based on an expert's testimony, that testimony must be based on reasonable medical probabilities, not just possibilities.

DEL. P.J.I. CIV. § 23.12 (2000).

Source:
D.R.E. 703, 705 (expert testimony); Van Arsdale v. State, Del. Supr., 486 A.2d 1, 9 (1984)(medical expert testimony); General Motors Corp. v. Freeman, Del. Supr., 164 A.2d 686, 688-89 (1960)(medical expert testimony).

**POINT FOR CHARGE NO. 19**

**JUROR NOTE-TAKING AND EXHIBIT BINDERS**
*At beginning of trial:*

I am allowing you to take notes during trial. If you wish to take notes, be sure that your note-taking does not interfere with your ability to follow and consider all the evidence. You may not discuss your notes with anyone until deliberations begin. At the end of each day, the Bailiff will collect your notes and return them to you the next day.

*At the close of evidence:*

I have allowed you to take notes during trial. The purpose of taking notes is to assist you during your deliberations. During your deliberations you should not allow the notes taken by one juror or several jurors to control your consideration of the evidence. Instead, give due regard to the individual recollection
of each juror whether or not supported by written notes. Your ultimate judgment should be the product of the collective memory of all twelve jurors.

*If appropriate:*

I have also permitted you to have notebook binders containing exhibits. The fact that evidence is contained in the binder does not mean that you should give it more weight than other evidence in the case. These documents have no more or less weight than the other evidence presented.

DEL. P.J.I. CIV. § 24.2 (2000).

Source:
Estate of Tribbitt v. Alexander, Del. Super., C.A. No. 95C-02-138, Herlihy, J. (Jan. 17, 1997); Bradley v. A.C. & S. Co., Del. Super., 1989 WL 70834, Taylor, J. (May 23, 1989) at *1-2; In re Asbestos Litigation, Del. Super., 1988 WL 77737, Taylor, J. (June 28, 1988) at *2.
See also United States v. Maclean, 3d Cir., 578 F.2d 64, 65-67 (1978)(permitting note-taking by jurors); Esaw v. Friedman, Conn. Supr., 586 A.2d 1164 (1991)(permitting juror note taking); Wigler v. City of Newark, N.J. Super. A.D., 309 A.2d 897, 899 (1973)(juror note taking was not improper and it was within discretion of trial court to control and direct the manner of juror note taking), cert. denied, 317 A.2d 703 (1974); Note, Court-Sanctioned Means of Improving Jury Competence in Complex Civil Litigation, 24 ARIZ. L. REV. 715, 720 (1982).

**POINT FOR CHARGE NO. 20**

**COURT IMPARTIALITY**

      Nothing I have said since the trial began should be taken as an opinion about the outcome of the case. You should understand that no favoritism or partisan meaning was intended in any ruling I made during the trial or by these instructions. Further, you must not view these instructions as an opinion about the facts. You are the judges of the facts, not me.

DEL. P.J.I. CIV. § 24.4 (2000).

Source:
DEL. CONST. art. IV, § 19; Culver v. Bennett, Del. Supr., 588 A.2d 1094, 1096 (1991)(instructions to be
considered as a whole); Probst v. State, Del. Supr., 547 A.2d 114, 119 (1988)(same); Haas v. United Technologies Corp., Del. Supr., 1173, 1179 (1982), appeal dismissed, 459 U.S. 1192, 103 S. Ct. 1170, 75 L.Ed.2d 423 (1983); State Hwy. Dep't v. Bazzuto, Del. Supr., 264 A.2d 347, 351 (1970); Cloud v. State, Del. Supr., 154 A.2d 680 (1959); Philadelphia B. & W. R.R. Co. v. Gatta, Del. Supr., 85 A. 721, 729 (1913)(jury is sole judge of facts).

**POINT FOR CHARGE NO. 21**

**SYMPATHY**

Your verdict must be based solely on the evidence in this case. You must not be governed by prejudice, sympathy, or any other motive except a fair and impartial consideration of the evidence. You must not, under any circumstances, allow any sympathy that you might have for any of the parties to influence you in any way in arriving at your verdict.

I am not telling you not to sympathize with the parties. It is only natural and human to sympathize with persons involved in litigation. But you must not allow that sympathy to enter into your consideration of the case or to influence your verdict.

2000 Ed. Superior Court Pattern Jury Instruction No. 24.1

**POINT FOR CHARGE NO. 22**

**DEFINITION OF MEDICAL NEGLIGENCE**

Under a Delaware statute, a healthcare provider that does not meet the applicable standard of care commits medical negligence:

> The standard of skill and care required of every healthcare provider in rendering professional services or healthcare to a patient shall be that degree of skill and care ordinarily employed, in the same or similar field of medicine as the defendants, and the use of reasonable care and diligence.

The law requires that a doctor's or nurse's conduct be judged by the degree of care, skill, and diligence exercised by doctors or nurses of the same or similar medical specialty, practicing at the time when the alleged medical negligence occurred.

On the one hand, if you find that defendants failed to meet this standard and that this failure was a proximate cause of Debbie Bailey's death, then your verdict must be for the Plaintiffs. (I shall explain what "proximate cause" means in a moment.) On the other hand, if defendants did meet this standard, then your verdict must be against the Plaintiffs.

You have heard testimony that national and local standards of care were applicable to the treatment received by Debbie Bailey. In reaching your verdict, you must decide whether those standards applied to defendants at that time.

Each physician and healthcare provider is held to the standard of care and knowledge commonly possessed by members in good standing of his or her profession and specialty. It is not the standard of care of the most highly skilled, nor is it necessarily that of average members of this profession, since those who have somewhat less than average skills may still possess the degree of skill and care to treat patients competently. When a physician chooses between appropriate alternative medical treatments, harm resulting from a physician's good-faith choice of one proper alternative over the other is not medical negligence. Plaintiffs cannot prove that defendants committed medical negligence merely by showing that another healthcare provider would have acted differently from defendants. Delaware law further requires that to prove liability, the Plaintiffs must present "expert medical testimony" showing that "the alleged deviation from the applicable standard of care" caused the injury. You may not guess about the standard of care that applies to defendants, or whether a departure from that standard caused Debbie Bailey's death. You must consider only expert testimony, when you determine the applicable standard, decide whether it was met, and -- if it wasn't -- determine what caused Debbie Bailey's death. If the expert witnesses have disagreed on the applicable standard of care, on whether it was met, or on the question of cause, you must decide which view is correct.

No presumption of medical negligence arises from the mere fact that the patient's treatment had an undesirable result. Medical negligence is never presumed. The fact that a patient has suffered injury while in the care of a healthcare provider does not mean that the healthcare provider committed medical negligence.

DEL. P.J.I. CIV. § 7.1A (2000).

Source:

18 Del. C. §§ 6852; 6801(7), 6852, 6853, 6954; Balan v. Horner, Del. Supr., 706 A.2d 518, 520-21 (1998)(noting physicians with different specialties may share concerns about the diagnosis and treatment of a common medical condition, and where there are concurrent fields of expertise, a common standard of care may be shared); McKenzie v. Blasetto, Del. Supr., 686 A.2d 160, 163 (1996)(application of a national standard of care may be used when that standard is found to be the same as the relevant Delaware standard); Medical Ctr. of Delaware v. Lougheed, Del. Supr., 661 A.2d 1055, 1057-59 (1995); Greco v. University of Delaware, Del. Supr., 619 A.2d 900, 903-04 (1993); Baldwin v. Benge, Del. Supr.,

606 A.2d 64, 68 (1992); Riggins v. Mauriello, Del. Supr., 603 A.2d 827, 829-31 (1992); Register v. Wilmington Med. Ctr., Del. Supr., 377 A.2d 8, 10 (1977); Colemen v. Garrison, Del. Supr., 349 A.2d 8, 10 (1975); DiFillippo v. Preston, Del. Supr., 173 A.2d 333, 336-37 (1961); cf. Peters v. Gelb, Del. Supr., 314 A.2d 901, 903-04 (1973)(expert witness who remained in good professional standing but had not actually practiced the particular procedure upon which his opinion was sought could be found by the court as not qualified to testify as an expert).

Sostre v. Swift, Del. Supr., 603 A.2d 809, 812 (1992); Burhart v. Davies, Del. Supr., 602 A.2d 56, 59-60 (1991), cert. denied, 112 S. Ct. 1946, 118 L.Ed.2d 551 (1992); Russell v. Kanaga, Del. Supr., 571 A.2d 724, 732 (1990); Loftus v. Hayden, Del. Supr., 391 A.2d 749 (1978); Ewing v. Beck, Del. Supr., 520 A.2d 653 (1987); Larrimore v. Homeopathic Hosp. Ass'n of Delaware, Del. Super., 176 A.2d 362, 367-68 (1961), aff'd, Del. Supr., 181 A.2d 573, 576-77 (1962)(standard of care for nurses, as for physicians, is a matter of applying the appropriate standard required of the nursing profession in the given circumstances).

**POINT FOR CHARGE NO. 23**

**CORPORATIONS AND THEIR AGENTS**

DelMarVa Emergency Medical Physicians, LLC and Bayhealth Medical Center, Inc. are corporations. A corporation is considered a person within the meaning of the law. As an artificial person, a corporation can only act through its servants, agents, or employees. If you find that any of a corporation's personnel were negligent in performing their duties at the time of the incident, then the corporation is also negligent.

The fact that a party is a corporation should not affect your decision in any way. All persons, whether corporate or human, appear equally in a court of law and are entitled to the same equal consideration.

DEL. P.J.I. CIV. § 18.8 (2000).

Source:
Fisher v. Townsends, Inc., Del. Supr., No. 308, 1996, Holland, J. (June 11, 1997)(discussing in great detail agency relationships); Gutheridge v. Pen-Mod, Inc., Del. Super., 239 A.2d 709, 710-11 (1967).