**POINT FOR CHARGE NO. 45**

**NO SPECULATIVE DAMAGES**

Damages, if any, must be reasonable. If you should find that plaintiff is entitled to a verdict, you may award her only such damages as will reasonably compensate her for such loss and damages as you may find, from a preponderance of the evidence in the case, that she has sustained or will sustain in the future as a proximate result of defendants' negligence.

I instruct you that you are not at liberty to award damages based upon conjecture or speculation. You may award as damages only those items which the evidence establishes with reasonable probability have been sustained.

Henne v. Balick, 146 A.2d 394 (1958).

**[PLAINTIFFS OBJECT]**

<u>**POINT FOR CHARGE NO. 46**</u>

**DUTY OF A PHYSICIAN OR OTHER HEALTH CARE PROVIDER**

A physician who holds himself or herself out as a specialist owes to the patient a duty to comply with the standard of practice for that specialty prevailing at the time of the care or treatment in question. The standard of skill and care required of a health care provider, such as a physician, in rendering professional services to a patient is that degree of skill and care ordinarily employed under similar circumstances by members of the profession in good standing, practicing in the same specialty as the defendant, and the use of reasonable care and diligence.

This means that the practitioner must possess and exercise the degree of skill, care and learning of a reasonably careful emergency physician acting in similar circumstances. Failure to exercise such skill, care and learning is negligence. Negligence in the practice of medicine is called malpractice.

The plaintiffs have the burden of proving each of the following elements on their negligence claim: First, that the defendant failed to comply with the standard of practice for an emergency physician in at least one of the ways claimed by the plaintiffs, and was, therefore, negligent; and, second, that the negligence of that defendant was a proximate or direct cause of the death of Mrs. Bailey.

The jury must base its finding on whether or not there was a deviation from the applicable standard of medical care in the specific circumstances of the case on the expert medical testimony presented in this trial. The mere fact that there was an undesirable result in the course of medical treatment, standing alone, does not permit the jury to draw the inference that the undesirable result was caused by negligence on the part of a health care provider.

A physician is not necessarily negligent because he errs in judgment or because his efforts prove unsuccessful. The physician is negligent if the error in judgment or lack of success is due to a failure to perform any of the duties as defined in these instructions, that is, to meet the applicable standard of care for physicians in this medical community.

Where there is more than one acceptable method of treatment and no one of them is used exclusively and uniformly by all practitioners of good standing, a physician is not negligent if, in the exercise of his best judgment, he selects an acceptable method which in hindsight might be a wrong selection or one not favored by certain other practitioners. Stated otherwise, when a physician chooses between appropriate alternative medical approaches, harm which results from the physician's good faith choice of one proper alternative over the other, is not malpractice.

Riggins v. Mauriello, Del.Supr., 603 A.2d 827 (1992).

**[PLAINTIFFS OBJECT]**

**POINT FOR CHARGE NO. 47**

**INSTRUCTIONS TO BE CONSIDERED AS A WHOLE**

    I have read a number of instructions to you.  The fact that some particular point may be covered in the instructions more than some other point should not be regarded as meaning that I intended to emphasize that point.  You should consider these instructions as a whole, and you should not choose any one or more instructions and disregard the others.  You must follow all the instructions that I have given you.

    2000 Ed. Superior Court Pattern Jury Instruction No. 24.3

    _____**[PLAINTIFFS OBJECT]**