IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLADYS BAILEY, as the Administratrix Estate of DEBBIE BAILEY, deceased, and DOMINICK BAILEY, DEMETRIA BAILEY, Individually and as Guardian for AMBER BAILEY, a minor, and TIA BAILEY : : : : : : : | C.A. No. 04-1540-GMS |
| v : : | |
| RONALD I. LEBMAN, M.D., DELMARVA EMERGENCY PHYSICIANS, LLP and BAYHEALTH MEDICAL CENTER, INC., d/b/a KENT GENERAL HOSPITAL : : : : | |

**JOINT PROPOSED VOIR DIRE**

Good morning, ladies and gentlemen. I am Judge Sleet, and I will be presiding over the trial for which a jury is about to be drawn in the case. The parties are Plaintiffs Gladys Bailey, as Administrator of the Estate of Debbie Bailey, deceased and Dominick Bailey, Demetria Bailey, Individually and as Guardian for Amber Bailey, a minor, and Tia bailey and Defendants Ronald I. Lebman, M.D., DelMarVa Emergency Physicians, LLP and Bayhealth Medical Center, Inc. d/b/a Kent General Hospital.  Briefly stated, this is a case involving allegations by Plaintiffs against Ronald, I. Lebman, M.D., DelMarVa Emergency Physicians, LLP, and Bayhealth Medical Center Inc., d/b/a/ Kent General Hospital for negligent medical care rendered to Debbie Bailey and violations of the Emergency Medical Treatment and Active Labor Act, 42 U.S.C.A. § 1395dd ["EMTALA"] for the failure to treat and monitor Debbie Bailey's condition.  The trial may last up to 7 days.

I time my trials, so the attorneys will have to complete their trial presentations within these limits. While it appears unlikely at this point, jury deliberations may require you to be present longer than that number of days.

I am going to ask you a series of "yes or no" questions, the purpose of which is to: (1)

enable the court to determine whether or not any prospective juror should be excused for cause; and (2) enable counsel for the parties to exercise their individual judgment in helping to determine the final composition of the jury. If any of you have a "yes" answer to any of my questions, please keep track of that in your own mind. When I have concluded asking all the questions I will ask all those who had a "yes" answer to any of my questions to raise their hands. Then we will call you to the bench individually to speak with you about your affirmative response or responses.

1. As I mentioned, this case is expected to take 7 or less business days to try. Is there any member of the panel who would be unable to sit as a juror in the case for that period of time?

2. Do you know anything about this case?

3. Plaintiffs are represented by Thomas R. Kline, Leon Aussprung and Joshua Van Naarden of Kline & Specter, P.C. and Stephen Potter of Potter, Carmine, & Aaronson, P.A. Do you know, or are you a client of Thomas R. Kline, Leon Aussprung and Joshua Van Naarden or Stephen Potter or the law firms of Kline & Specter, P.C. or Potter, Carmine, & Aaronson?

4. Defendants Ronald I. Lebman, M.D., DelMarVa Emergency Physicians, LLP and Bayhealth Medical Center, Inc. d/b/a Kent General Hospital are represented by Mason Turner of the law firm Prickett, Jones & Elliott, PA . Do you know, or are you a client of Mason Turner or his law firm, Prickett, Jones & Elliott, PA .

5. Is any member of the panel related to or personally acquainted with any of the parties, either the Plaintiffs, Gladys Bailey, Debbie Bailey, deceased, Dominick Bailey, Demetria Bailey, Amber Bailey, Tia bailey or the Defendants Ronald I. Lebman, M.D., DelMarVa Emergency Physicians, LLP , or Bayhealth Medical Center, Inc. d/b/a Kent General

Hospital ?

6.      Are you or any of your family members a present or former employee of Ronald I. Lebman, M.D., DelMarVa Emergency Physicians, LLP or Bayhealth Medical Center, Inc. d/b/a Kent General Hospital?

7.      Do you know any of the witnesses who will appear in this trial? They are:

Gladys Bailey

Demetria Bailey

Dominick Bailey

Tia Bailey

Amber Bailey

Ronald Lebman, M.D.

Paul Emery, M.D.

Cindy Jester

George Rudloff

Joann Davis

Lisa Little, R.N.

Louise McLean, R.N.

Debbie Eberly, R.N.

Kathleen Ashton, Ph.D.

Mark Hastings, R.N.

Kathleen Hirsch, R.N., MSN

David Hopkins, ASA

    Charles Pozner, M.D.

    Albert C. Weihl, M.D.

    Jack R. Milligan, M.D.

    Ross E. Megargel, D.O.

    Judith G. Tobin, M.D.

    James Smalley, R.N.

  8. Are any of you, or are members of your immediate families, employed by, or have you been employed by a hospital, a physician, or any provider of health care services?

  9. Do you have specialized training in medicine or nursing ?

  10. Has anyone here or members of their immediate families now or ever been employed as a claims adjuster or otherwise by a company or concern which in whole or in part is engaged in the casualty or liability insurance business or the business of investigating claims? **[Defense objection]**.

  11. Have you ever been a party in a lawsuit?

  12. Have you or any member of your family ever made a claim or had a claim made against you for medical malpractice?

  13. Is there anyone here who would be inclined to believe or disbelieve a physician's recollection of certain events, simply because he is a doctor?

  14. Have you or a family member had an experience that was so positive or so negative with a health care provider (physician, nurse, hospital) as to make you unable to be a fair and impartial juror in this case?

  15. Have you been told anything by your doctor or hospital about medical malpractice cases which has influenced you to the extent you could not be a fair and impartial juror, and

which would lead you to not be able to award fair and adequate monetary damages in a medical malpractice case which has merit?  **[Defense objection]**.

16. Do you have an opinion or a belief for or against people who file medical malpractice lawsuits, or persons who are sued in this type of case, such that you may not be fair and impartial in your judgment of this case?

17. Is there anything that you have heard in the news media regarding health care reform, health care costs, or medical malpractice which would prevent you from rendering a monetary award in a civil damages case (like this case) against a doctor and/or hospital? **[Defense objection]**.

18. Would any member of the jury arbitrarily set a limit ("cap") on monetary damages for pain and suffering without regard to the evidence or law which allows such damages without arbitrary limits? **[Defense objection]**.

19. Do you believe that family members should not receive monetary compensation for the death of a loved one?  **[Defense objection].**

20. Do you have any knowledge about, or familiarity with myocardial infarctions or heart attacks? **[Defense objection].**

21. Have you or any member of your family ever suffered a myocardial infarction or a heart attack? **[Defense objection].**

22. The judge will instruct you that your decision should be based on the facts, and not on sympathy.  Will you have any difficulty following that instruction?

23. Do you know of any other matter which you believe should be called to the court's attention as having some bearing upon your qualifications or ability to sit as a juror, or which you think may prevent you from rendering a fair and impartial verdict based solely upon

the evidence and my instructions as to the law?

24. Have you or a member of your family or a close friend ever received medical care which you believe was inadequate? **[Plaintiffs' objection]**.

25. Do you believe that if a patient experiences a bad outcome, it must be due to medical error or negligence? **[Plaintiffs' objection]**.