**EXHIBIT A**

## STATEMENT OF UNCONTESTED FACTS

**By Plaintiffs:**

1. At approximately 8:26 p.m. on January 19, 2003, Mrs. Bailey presented to the Emergency Department at defendant Bayhealth complaining of shortness of breath and chest pain.

2. Mrs. Bailey was "triaged" at 8:31 p.m. and brought back into a room in the Emergency Department at defendant Bayhealth at approximately 9:00 p.m. via wheelchair.

3. At approximately 9:00 p.m., an EKG was reviewed by defendant Lebman, an Emergency Department physician at defendant Bayhealth, who noted abnormalities on the EKG.

4. While Mrs. Bailey was a patient in the Emergency Department of defendant Bayhealth, defendant Lebman was the physician responsible for her medical care.

5. At approximately 9:29 p.m., sublingual nitroglycerine was administered without any change noted in Mrs. Bailey's chest pain.

6. At 9:35p.m., Mrs. Bailey's blood pressure was noted to be 124/73 and a second dose of sublingual nitroglycerine was given. At 9:45p.m., it was noted that Mrs. Bailey had no change in her chest pain, but her blood pressure had decreased to 102/56.

7. At approximately 10:20 p.m., Mrs. Bailey was "found unresponsive" and without pulse or respiration and attempts at resuscitation were unsuccessful; Mrs. Bailey was pronounced dead at 10:50 p.m. on January 19, 2003.

8. Defendants object to the word "intentionally" in plaintiffs' paragraph (8).
On October 8, 2003, the Delaware Health and Human Services conducted a closed clinical record review, staff interview and document review where it was determined that the registered nurse failed to supervise and evaluate the nursing care provided to Debbie Bailey in accordance with acceptable standards of practice. Defendants also object to the relevance and admissibility of this fact.

    Defendants object to plaintiffs' paragraph (9) as written. Defendants also object to the relevance and admissibility of this fact.

9. On October 8, 2003, the results of the Delaware Health and Human Services investigation found that Bayhealth failed to meet the emergency needs of Debbie Bailey, who had complaints of chest pain, in accordance with acceptable standards of nursing practice. This was demonstrated by failure of staff: a) to evaluate Debbie Bailey when the central cardiac monitor alarm at the Emergency Department nurse's station indicated a change in cardiac rhythm, b) to assess the effectiveness of medications administered for Debbie Bailey's complaints of chest pain, c) to monitor Debbie Bailey's decreasing blood pressure and d) to develop policies regarding the management of chest pain in the Emergency Department setting.

Defendants object to plaintiffs' paragraph (10). Defendants also object to the relevance and admissibility of this fact.

**By Defendants:**

The postmortem examination conducted by the State Medical Examiner found that Ms. Bailey's left coronary artery was narrowed to pinpoint size for 0.5 centimeters.

**EXHIBIT B**

## CONTESTED ISSUES OF FACT AND LAW

**By Plaintiffs:**

**CONTESTED FACTS**

1. On January 19, 2003, at approximately 9:00 p.m. Debbie Baily's EKG revealed findings consistent with the early electro cardiographic changes seen in an acute myocardial infarction.

2. On January 19, 2003, at approximately 10:20 p.m., Mrs. Bailey is "found unresponsive" and was not being properly monitored or being attended to by any hospital personnel.

3. Debbie Bailey was not placed on oxygen at any time prior to the administration of cardiopulmonary resuscitation.

4. Cardiac monitoring and oxygen are integral parts of a proper EMTALA medical screening examination and are also required by the standard of care.

5. Debbie Bailey's injuries and death would have been prevented if the defendants had properly and appropriately monitored and treated her condition upon presentation to Bayhealth.

6. Debbie Bailey was not being monitored at the time of her death.

**CONTESTED LAW**

7. Defendants' violated § 1395dd(a) of EMTALA by failing to afford Mrs. Bailey an appropriate medical screening examination on January 19, 2003, in order to determine whether an emergency medical condition existed.

8. Defendants failed to conduct a full and complete medical screening examination on Debbie Bailey.

9. Defendants performed an inadequate triage examination without an appropriate complete medical screening examination.

10. Debbie Bailey was treated disparately from other similarly situated patients.

11. Defendants departed from their standard medical screening examination of patients with complaints and symptoms similar to those of Mrs. Bailey.

12. Defendants failed to timely determine whether or not an emergency medical

       condition existed.

13. Defendants failed to adhere to their own standard policies, procedures and/or protocols for patients entering the Emergency Department in similar medical circumstances.

14. Defendants failed to perform a medical screening examination within the capabilities of the defendant hospitals' Emergency Department and ancillary services.

15. Defendants' conduct exhibited a willful, reckless and/or conscious disregard of, or reckless and/or conscious indifference to, the rights, safety and health of Mrs. Bailey under circumstances where the probability of harming Mrs. Bailey by engaging in such conduct was known, or should have been known, by the defendants.

16. Defendants' conduct fell below the standard of care and/or was intentional and/or reckless.

17. All of the above caused decedent's injuries and death.

**By Defendants:**

    **CONTESTED FACTS**

1. There was no breach of the standard of care by Dr. Lebman.

2. It cannot be proved within terms of reasonable medical probability that any different medical treatment of Ms. Bailey would have altered the outcome.

3. There was no EMTALA violation by Bayhealth.

4. The decedent repeatedly removed the leads for the cardiac monitor, requiring the nursing staff to replace them.

5. At the time that Ms. Bailey was "found unresponsive," the leads-off alarm for the cardiac monitor had been silenced at the nursing station.

    **CONTESTED LAW**

6. Defendants dispute that plaintiff's listing constitutes a Statement of Legal Issues to be litigated.

7. What is the purpose and requirement of EMTALA as applied to an Emergency Department presentation such as that of Ms. Bailey?

8. Whether plaintiffs should be entitled to call three expert nursing witnesses and two emergency medicine experts, plaintiffs not having established good cause for

calling duplicative witness.

9. Whether defendants' post-incident investigation and attempts at re-mediation are relevant and admissible under FRE 407.

10. The appropriate measure of damages under 10 <u>Del.C.</u> §3724 and whether the economic calculation proffered by David Hopkins comports with that and it is reliable and admissible under FRE 702 and 703.

11. Whether EMTALA permits a private civil claim against a physician.

**<u>EXHIBIT C</u>**

**<u>EXHIBIT SCHEDULE</u>**

**1.      The following exhibits were offered by the plaintiffs, and marked as indicated:**

1. Debbie Bailey's January 19, 2003, Bayhealth Medical Records.
2. October 8, 2003, Delaware Health and Social Services, Office of Health Facilities Licensing and Certification (OHFLC) survey report and Bayhealth response.
3. April 5, 2004, Letter from Cindy Jester to Gladys Bailey.
4. Root Cause Analysis #34768.
5. Deposition Transcript of Gladys Bailey
6. Deposition Transcript of Demetria Bailey.
7. Deposition Transcript of Tia Bailey.
8. Deposition Transcript of Dominick Bailey.
9. Deposition Transcript of Paul Emery, M.D.
10. Deposition Transcript of Ronald Lebman, M.D.
11. Deposition Transcript of Louise McLean, R.N.
12. Deposition Transcript of Charles Pozner, M.D.
13. Deposition Transcript of Albert C. Weihl, M.D.
14. Deposition Transcript of George Rudloff.
15. Deposition Transcript of Cindy Jester, R.N.
16. Deposition Transcript of Ross E. Megargel, M.D.
17. Deposition Transcript of Lisa Little, R.N.
18. Deposition Transcript of Deborah Eberly, R.N.
19. Deposition Transcript of Joann Davis.
20. Expert Report of Kathleen Ashton, Ph.D.
21. Curriculum Vitae of Kathleen Ashton, Ph.D.
22. Expert Report of Mark Hastings, R.N.
23. Curriculum Vitae of Mark Hastings, R.N.
24. Expert Report(s) of Kathleen Hirsch, R.N., MSN
25. Curriculum Vitae of Kathleen Hirsch, R.N., MSN
26. Expert Economic Report of David Hopkins, ASA
27. Curriculum Vitae of David Hopkins, ASA
28. Expert Report of Charles Pozner, M.D.
29. Curriculum Vitae of Charles Pozner, M.D.
30. Expert Report of Albert Weihl, M.D.
31. Curriculum Vitae of Albert Weihl, M.D.
32. Anatomical pictures of heart.
33. January 20, 2003, Autopsy Report of Debbie Bailey.
34. Blow up of the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd.
35. Defendant Emery's Answer to Plaintiffs Complaint.
36. Defendant Lebman's Answer to Plaintiffs Complaint.
37. Defendant Bayhealth's Answer to Plaintiffs Complaint.
38. Photographs of Plaintiff Debbie Bailey, Dec'd.

2. **The following exhibits were offered by the plaintiffs and marked for identification. Defendants objected to their receipt in evidence on the grounds stated:**

   1. No objection;
   2. Objection - relevance;
   3. Objection - relevance;
   4. Objection - relevance;
   5-19. Objection
   20. Objection - hearsay;
   21. No objection if witness is permitted to testify;
   22. Objection - hearsay;
   23. No objection if witness is permitted to testify;
   24. Objection - hearsay;
   25. No objection if witness is permitted to testify;
   26. Objection - hearsay and FRE 702-3;
   27. No objection if witness is permitted to testify;
   28. Objection - hearsay;
   29. No objection;
   30. Objection - hearsay;
   31. No objection;
   32. This exhibit has not been produced and will be reviewed and initialed by counsel;
   33. No objection;
   34. Objection - relevance;
   35. Objection - relevance;
   36. Objection - relevance;
   37. Objection - relevance;
   38. Objection - relevance and non-production.

3. **The following exhibits were offered by defendants, received in evidence and marked as indicated:**

   1. Kent General Hospital Emergency Department records, 1/19/03;
   2. Records of Ms. Bailey's prior presentations to and treatment at Kent General Hospital;
   3. CV of Ronald Lebman, M.D.;
   4. CV of Ross Megargel, D.O.;
   5. Medical records of Jack R. Milligan, M.D.

4. **The following exhibits were offered by the defendants and marked for identification. Plaintiffs objected to their receipt in evidence on the grounds stated:**

      NONE

As in the Final Pretrial Order form, references to "plaintiffs' and "defendants" are intended to cover those instances where there are more than one of either.

Case 1:04-cv-01540-GMS    Document 87-2    Filed 05/31/2006    Page 8 of 20

**EXHIBIT D**

## WITNESS LIST

I. **Plaintiffs' Witness List:**

    A. **Intend to Call**

        1. Gladys Bailey (Plaintiff)
White Oak Condominums
1001 White Oak Road - Apt. K-12
Dover, DE 19901

        2. Demetria Bailey (Plaintiff)
539 Millchop Lane
Magnolia, DE 19962

        3. Dominick Bailey (Plaintiff)
539 Millchop Lane
Magnolia, DE 19962

        4. Tia Bailey (Plaintiff)
539 Millchop Lane
Magnolia, DE 19962

        5. Amber Bailey (Plaintiff)
539 Millchop Lane
Magnolia, DE 19962

        6. Ronald Lebman, M.D. (Defendant)
10 Surrey Road
Rehoboth Beach, Delaware 19971

        7. Cindy Jester (Fact Witness)
Delaware Health and Social Services
2055 Limestone Road
Wilmington, DE

        8. Lisa Little, R.N. (Fact Witness)
c/o KENT GENERAL HOSPITAL
640 South State Street
Dover, Delaware 19901

9. Louise McLean, R.N. (Fact Witness)
   c/o KENT GENERAL HOSPITAL
   640 South State Street
   Dover, Delaware 19901

10. Debbie Eberly, R.N. (Fact Witness)
    c/o KENT GENERAL HOSPITAL
    640 South State Street
    Dover, Delaware 19901

11. Kent General Hospital Corporate Designee   (Fact Witness) **[Defense objection].**
    c/o KENT GENERAL HOSPITAL
    640 South State Street
    Dover, Delaware 19901

12. David Hopkins, ASA (Plaintiffs' Expert: Actuarial)
    182 East DeKalb Pike
    King of Prussia, PA  19406

13. Albert C. Weihl, M.D. (Plaintiffs' Expert: Surgery, Emergency
    464 Congress Avenue    Medicine)
    New Haven, CT 06519

14. Mark Hastings, R.N. (Plaintiffs' Expert: Nursing)
    17 Peirce Lane
    Wilton, NH 03086

**B.   May Call**

15. George Rudloff (Fact Witness)
    c/o KENT GENERAL HOSPITAL
    640 South State Street
    Dover, Delaware 19901

16. Joann Davis (Fact Witness)
    c/o KENT GENERAL HOSPITAL
    640 South State Street
    Dover, Delaware 19901

17. Kathleen Ashton, Ph.D. (Plaintiffs' Expert: Nursing)
    834 Oakwood Drive
    Hammonton, NJ 08037

II.   **Defendants' Witness List:**

1. Defendants reserve the right to call any properly identified witnesses listed by plaintiffs;

2. Jack R. Milligan, M.D. - treating physician;
   Plaintiffs object based on relevance.

3. Ross E. Megargel, D.O. (expert - emergency medicine);
   Plaintiff's object to any causation opinions

4. Judith G. Tobin, M.D. (fact witness - postmortem examination findings);
   Plaintiffs object to extent any expert opinions offered.

5. James Smalley, R.N.
   Plaintiffs object based on relevance.

**EXHIBIT E**

## QUALIFICATIONS OF EXPERTS

**By Plaintiffs:**

1. **Albert C. Weihl, M.D.**

   Dr. Weihl is board certified in Emergency Medicine, Internal Medicine with a subspecialty in Endocrinology and Metabolism. Dr. Weihl is presently an Assistant Clinical Professor of Emergency Medicine for the Department of Surgery and Internal Medicine at Yale University School of Medicine.

2. **Charles Pozner, M.D.**

   Dr. Pozner is board certified in Emergency Medicine and Internal Medicine. Dr. Pozner is presently an Assistant Professor of Medicine at Harvard Medical School.

3. **Mark Hastings, R.N.**

   Mark Hastings, R.N. is a staff Registered Nurse in the Emergency Department of Southern New Hampshire Medical Center and Regional Trauma Center in Nashua, NH. Mr. Hastings is also a Clinical Preceptor in emergency department health care, teaching paramedic interns and nursing students.

4. **Kathleen Hirsch, RN, MSN, MBA, CEN**

   Kathleen Hirsch, R.N. is a certified Emergency Nurse. Ms. Hirsch is presently an Assistant Chief Nursing Officer at Memorial Hospital of Salem County, Salem, NJ.

5. **David L. Hopkins, ASA, MAAA**

   David L. Hopkins, ASA, is an economist and is certified in actuarial science.

6. **Cindy L. Jester, MSN, RN**

   Cindy Jester, MSN, RN is a Compliance Nurse with Delaware Health and Social Services. Ms. Jester conducts investigations to determine whether hospitals are in compliance with healthcare regulations.

**By Defendants:**

**1.     Ross E. Megargel, D.O.**

Ross E. Megargel, D.O., a board certified emergency medicine physician, practices emergency medicine at Christiana and Wilmington Hospitals in Delaware and is State Director for the Emergency Medical Services Program.

**EXHIBIT F**

**DEPOSITIONS TRANSCRIPTS INTENDED TO BE READ INTO EVIDENCE**

**By Plaintiffs:**

    1.    Deposition Transcript of Paul Emery, M.D.

| **Page/Line** | to | **Page/Line** |
|---|---|---|
| 2/6 | | |
| 4/18 | | 5/1 |
| 5/18 | | 5/20 |
| 5/24 | | 6/6 |
| 6/14 | | 7/6 |
| 7/13 | | 8/23 |
| 10/14 | | 11/7 |
| 13/10 | | 13/21 |
| 14/14 | | 16/11 |
| 16/23 | | 18/14 |
| 19/6 | | 19/14 |
| 20/1 | | 20/17 |
| 21/2 | | 22/6 |
| 22/21 | | 23/11 |
| 23/16 | | 23/21 |
| 24/23 | | 25/8 |

    2.    Deposition Transcript of Ronald Lebman, M.D.

| **Page/Line** | to | **Page/Line** |
|---|---|---|
| 2/4 | | 2/14 |
| 10/8 | | 10/17 |
| 11/23 | | 12/3 |
| 14/6 | | 14/12 |
| 14/19 | | 14/23 |
| 19/6 | | 19/12 |
| 19/21 | | 20/11 |
| 20/15 | | 21/9 |
| 29/5 | | 30/17 |
| 31/15 | | 32/1 |
| 33/10 | | 33/21 |
| 33/23 | | 34/3 |
| 34/14 | | 34/23 |

| | |
|---|---|
| 36/17 | 37/11 |
| 41/12 | 42/13 |
| 42/21 | 43/4 |
| 43/15 | 44/20 |
| 45/21 | 46/13 |
| 47/9 | 49/21 |
| 50/14 | 51/4 |
| 56/16 | 58/12 |
| 58/18 | 60/17 |
| 61/2 | 61/21 |
| 62/23 | 63/9 |
| 64/12 | 66/5 |
| 67/15 | 67/17 |
| 67/20 | 68/6 |
| 69/14 | 69/20 |
| 70/6 | 70/8 |
| 71/12 | 71/19 |
| 73/8 | 73/23 |
| 74/23 | 77/20 |
| 78/10 | 81/2 |
| 82/4 | 82/9 |
| 83/23 | 84/19 |
| 85/9 | 88/24 |
| 89/4 | 89/12 |
| 90/14 | 90/16 |
| 94/12 | 96/13 |
| 97/4 | 97/16 |
| 101/18 | 102/10 |
| 102/15 | 102/24 |
| 104/5 | 104/7 |
| 105/5 | 105/16 |
| 114/13 | 114/18 |
| 124/5 | 125/11 |
| 126/8 | 126/16 |
| 126/19 | 127/1 |
| 127/7 | 128/9 |
| 130/21 | 131/19 |
| 131/24 | 132/19 |
| 133/14 | 135/6 |
| 136/8 | 136/14 |
| 141/13 | 142/22 |

3. Deposition Transcript of Louise McLean, R.N.

| Page/Line | to | Page/Line |
|---|---|---|
| 4/14 | | 4/20 |
| 4/24 | | 5/4 |
| 7/14 | | 7/24 |
| 8/1 | | 8/9 |
| 16/6 | | 17/18 |
| 18/1 | | 19/10 |
| 21/23 | | 23/2 |
| 23/13 | | 26/19 |
| 30/11 | | 31/19 |
| 34/1 | | 35/2 |
| 35/16 | | 35/18 |
| 36/2 | | 36/23 |
| 37/4 | | 37/21 |
| 38/1 | | 39/8 |
| 40/3 | | 40/12 |
| 40/21 | | 41/24 |
| 43/1 | | |
| 43/12 | | 43/21 |
| 44/13 | | 45/16 |
| 51/23 | | 56/24 |
| 57/1 | | 57/18 |
| 59/17 | | 59/22 |
| 63/18 | | 63/23 |
| 64/4 | | 64/20 |

4. Deposition Transcript of George Rudloff.

| Page/Line | to | Page/Line |
|---|---|---|
| 6/13 | | 6/23 |
| 65/5 | | 65/10 |

5. Deposition Transcript of Cindy Jester, R.N.

| Page/Line | to | Page/Line |
|---|---|---|
| 5/9 | | 5/11 |
| 8/21 | | 11/2 |
| 11/10 | | 11/21 |
| 12/7 | | 13/24 |
| 14/12 | | 14/20 |

| | |
|---|---|
| 15/7 | 16/4 |
| 16/19 | 16/22 |
| 17/12 | 17/15 |
| 18/4 | 19/24 |
| 20/14 | 22/13 |
| 23/3 | 23/9 |
| 23/16 | 24/13 |
| 25/17 | 27/3 |
| 28/3 | 28/17 |
| 29/5 | 31/5 |
| 31/13 | 31/19 |
| 32/12 | 33/23 |
| 34/7 | 38/5 |
| 38/19 | 39/11 |
| 39/1 | 39/11 |
| 42/20 | 44/9 |
| 44/13 | 44/16 |
| 44/20 | 45/1 |
| 46/2 | 46/16 |
| 49/12 | 54/4 |
| 54/10 | 56/10 |
| 57/7 | 66/3 |
| 66/11 | 70/18 |
| 71/5 | 73/13 |
| 73/22 | 77/11 |
| 77/23 | 78/10 |
| 79/20 | 81/7 |
| 83/10 | 84/12 |
| 86/18 | 88/23 |
| 89/17 | 91/8 |
| 94/3 | 94/18 |

6. Deposition Transcript of Lisa Little, R.N.

| Page/Line | to | Page/Line |
|---|---|---|
| 2/14 | | 2/24 |
| 4/10 | | 4/15 |
| 4/18 | | 4/23 |
| 12/3 | | 13/8 |
| 17/18 | | 20/2 |
| 36/2 | | 38/17 |
| 47/3 | | 49/12 |
| 52/11 | | 53/13 |

| | |
|---|---|
| 53/23 | 54/8 |
| 64/7 | 65/2 |
| 65/23 | 67/20 |
| 68/ 9 | 69/21 |
| 71/3 | 71/21 |
| 101/8 | 101/20 |
| 126/22 | 128/6 |
| 128/20 | 129/7 |

7.  Deposition Transcript of Deborah Eberly, R.N.

| **Page/Line** | to | **Page/Line** |
|---|---|---|
| 5/ 22 | | 6/8 |
| 14/10 | | 14/14 |
| 16/ 2 | | 17/14 |
| 18/3 | | 18/21 |
| 19/22 | | 19/23 |
| 20/3 | | 20/7 |
| 20/12 | | 20/22 |
| 21/11 | | 22/17 |
| 29/15 | | 30/1 |
| 30/8 | | 30/24 |
| 35/9 | | |
| 36/8 | | 37/1 |
| 39/1 | | 39/6 |
| 43/9 | | 43/20 |
| 44/9 | | 44/18 |
| 55/22 | | 56/24 |
| 64/8 | | 65/18 |
| 68/2 | | 68/24 |
| 69/14 | | 70/2 |
| 71/16 | | 71/23 |
| 78/8 | | 79/23 |
| 80/10 | | 80/24 |
| 82/5 | | 83/12 |
| 83/22 | | 85/1 |
| 85/8 | | 85/17 |
| 88/20 | | 92/24 |
| 93/1 | | 93/2 |
| 96/22 | | 97/20 |
| 98/11 | | 99/14 |
| 110/21 | | 110/24 |
| 111/2 | | 111/20 |

|  |  |
|---|---|
| 114/10 | 115/18 |
| 118/2 | 118/21 |
| 128/18 | 129/4 |
| 131/3 | 131/13 |
| 133/24 | 135/10 |

8. Deposition Transcript of Joann Davis.

| Page/Line | to | Page/Line |
|---|---|---|
| 6/11 |  | 6/13 |
| 7/1 |  | 8/10 |
| 21/1 |  | 22/21 |
| 23/5 |  | 25/12 |
| 55/5 |  | 55/21 |
| 65/10 |  | 66/6 |
| 66/10 |  | 67/9 |
| 77/2 |  | 77/16 |

**By Defendants:**

(1) Objection. While the depositions of parties can be admitted into evidence in accordance with the Federal Rules of Civil Procedure and the depositions of witnesses used for purposes of impeachment, it is submitted that the mass introduction of all discovery depositions taken by plaintiffs in this case are not admissible as affirmative evidence.

(2) Defendants do not intend to independently offer any deposition transcripts into evidence, but reserves the right to refer to witnesses' depositions for purposes of impeachment.

**EXHIBIT G**

## SPECIAL DAMAGES

1. **Future Net Lost Income**

    The Summary figures presented below include the respective amounts of Past Lost Net Income, Future Lost Net Income, Past Lost Household Services, and Future Lost Household Services.

    **Net Lost Income**

    |  | $3,000/yr | $6,000/yr | $9,000/yr |
    |---|---|---|---|
    | Work through age 55 | $167,914 | $203,673 | $239,432 |
    | Work through age 60 | $179,445 | $226,736 | $274,026 |
    | Work through age 65 | $189,889 | $247,624 | $305,359 |
    | Work through age 70 | $199,349 | $266,544 | $333,738 |

**By Defendants:**

It is defendants' position that 10 Del.C. §3724 does not permit recovery of past and future lost net income as included in plaintiffs' calculation above. See Defendants' Trial Brief in this regard.